UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Hsin Chi Su, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-14-2164 |
| | § | |
| Bank Sinopac, et al. | § | |
| | § | |
| Defendants. | § | |

## Opinion on Patents

1. *Introduction.*

Hsin Chi Su guaranteed loans used by his related companies to have four ships built. His companies defaulted. The bank demanded that Su honor his guarantee and pay the debts of the shipowners. He did not. On the order of the bankruptcy court, the bank sold the ships at auction.

Su sued the lenders for infringing his patents on technology embodied in the ships. He seeks a declaratory judgment for (a) preservation of his patent rights, (b) validity of his infringement claims, (c) equitable adjustment, (d) unjust enrichment, (e) money had and received, and (f) indirect infringement. Su loses.

2. *Background.*

In 2010, C Whale Corporation, D Whale Corporation, G Whale Corporation, and H Whale Corporation borrowed from a syndicate of lenders, led by Mega International Commercial Bank Co., Ltd. The lenders required the borrowers to have Hsin Chi Su guarantee the loans. The Whales used the loans to buy the four ships built to carry bulk and general oil and ore. OCM Formosa Strait Holdings, Ltd., later bought almost all of the Whales' debt, including the ship mortgages.

On June 20, 2013, the Whales filed for bankruptcy and asked to sell the vessels. The bankruptcy court authorized the sales free and clear of Su's claims, including those

related to patented technology incorporated in the vessels. OCM purchased the vessels by credit bid.

Su says that the bankruptcy court's approval of the sales extinguished his right to sue future patent infringers. He seeks a declaration from this court that (a) the bankruptcy court's judgment has no effect on his patents, (b) his claims against the estates of the Whale corporations are valid, (c) each claim is an administrative claim, and (d) the Whale corporations transferred property rights that did not belong to them. If these claims were correct, Su says that his liability to the lenders should be reduced.

3. *Patent Claims.*

Su says that because the lenders infringed his patent, he may offset his debt through compensation for the infringements. Each of Su's claims hinges on whether OCM and Oaktree infringed his patent rights. They did not, and each of the other claims collapses.

Su's request for declaratory judgment is essentially a request for an advisory opinion, which no court can grant.[1] A declaration that Su may sue nameless infringers in the future is, by definition, an advisory opinion because it fails to resolve a present controversy. Su wants assurance that he could, if he feels like it, have a controversy in the future, but he has none now and will have none of these in the future.

OCM acted in accordance with the bankruptcy court's order to sell the vessels. It submitted winning credit bids, and the bankruptcy court approved the sales. No patent rights were sold; only the vessels.

A ship is like any other product containing patented technology. A car, for example, embodies numerous patents. If a consumer buys a car with a loan from a bank, defaults on the loan, and the bank forecloses on the car, the patent owner does not then get to sue the bank for infringement when it resells the car.

Su's residual patent rights are distinct from the embodied technology in the vessels. Neither the loans nor Su's guarantees mention patents. As the bankruptcy court concluded, the patents were not the property of any Whale corporation.

---

[1] U.S. Const. art. III, § 2, cl. 1; *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985); *Villas at Parkside Partners v. Farmers Branch*, 577 F. Supp. 2d 880, 883-84 (N.D. Tex. 2008).

Su has no claim against OCM or Oaktree for money had and received or unjust enrichment. As none of Su's patent rights was sold, OCM and Oaktree could not have profited from such a sale.

Su cannot claim indirect infringement. To hold OCM and Oaktree liable, Su would have to prove that someone else – perhaps the Whales – directly infringed his patents and that OCM and Oaktree are indirectly responsible for that infringement. Those facts are precisely what Su cannot show. He has no evidence of direct infringement by anyone; therefore, OCM and Oaktree cannot be liable for indirect infringement.

4. *Conclusion.*

Su guaranteed the loans to the Whale corporations and owes OCM for their default. He was in control of the decision to license some of his patented technology to the Whales. He did and was compensated for those embodiments and use. None of Su's patent rights was infringed or diminished by the sale of the vessels.

Su will take nothing from OCM and Oaktree.

5. *Attorney Fees.*

The court gave Su excessive latitude to show a shred of support for his claims in the facts or the law. There is none. Su must pay the attorney fees for the defendants.

Signed on December 7, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge