UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Hsin Chi Su, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. H:14-CV-02164 |
| Bank Sinopac, et al., | § § | |
| *Defendant*s. | § § § § | |

**DEFENDANT WILMINGTON TRUST,
NATIONAL ASSOCIATION's MOTION TO REOPEN**

**TO THE HONORABLE LYNN HUGHES**

Defendant Wilmington Trust, National Association ("Wilmington Trust")
files this Motion to Reopen the instant case in order that its pending counterclaims
against Plaintiff Hsin Chi Su may be adjudicated and a final judgment rendered on
the pending counterclaims, and in support thereof would show the Court as follows:

**Summary of Argument**

This case is a consolidation of three lawsuits filed by Plaintiff in July 2014
against multiple defendants based on their alleged potential infringement of
Plaintiff's patents. Prior to the Court's order of consolidation, Plaintiff named
Wilmington Trust as a defendant in two of the three actions—Civil Actions H-14-
2165 and H-14-2166. Wilmington Trust asserted counterclaims against Plaintiff in

1

both of those cases and in April 2015 moved for summary judgment on those counterclaims.  The Court did not rule on those motions either before or after consolidating the cases in May 2015, and to this day the motions remain pending. Further, there has been no adjudication by this Court on the counterclaims asserted by Wilmington Trust.

On December 7, 2018, the Court issued a Patent Opinion addressing Plaintiff's claims and a related order entitled "Final Judgment" that, according to the Court's docket report for this case, purports to terminate the action.  However, because neither the Court's Patent Opinion nor Judgment dispose of Wilmington Trust's counterclaims, they do not constitute final decisions within the meaning of Federal Rule of Civil Procedure 54(b).  Accordingly, the Court retains jurisdiction over this matter, and the case should be reopened in order that Wilmington Trust's pending counterclaims against Plaintiff may be finally adjudicated.

## Background

In 2010, Plaintiff secured from a syndicate of foreign lenders ("Lenders") approximately $355 million in loans on behalf of four special purpose entities that he wholly owned: defendants C Whale Corporation, D Whale Corporation, G Whale Corporation, and H Corporation (collectively, "Whale Corporations").  The loans were made so that the Whale Corporations could purchase corresponding large oil and ore cargo vessels known as the *M.V. C Whale*, the *M.V. D Whale*, the *M.V. G*

*Whale*, and the *M.V. H Whale* (collectively, "Vessels").  Each Whale Corporation

entered into a separate Facility Agreement with the Lenders for the Vessel it

purchased.[1]  The Vessels served as collateral for the loans, which Plaintiff also

personally guaranteed as a primary obligor.[2]

Each loan subsequently went into default.  In the spring of 2013, Defendant

Mega International Commercial Bank Co., Ltd. ("Mega Bank"), acting as the

Lenders' agent, sent notices of default to the respective Whale Corporations and

demanded repayment of the then-principal outstanding sums plus interest.[3]  In total,

the outstanding balance owed on the loans was over $289 million.[4]

Shortly thereafter, in June 2013, the Whale Corporations, along with multiple

related entities, filed for bankruptcy.[5]  The following year, as part of the proceedings

in the bankruptcy case, the Whale Corporations filed motions to approve the sale of

the Vessels to defendant OCM Formosa Strait Holdings, Ltd. ("OCM"), which had

purchased nearly all of the Whale Corporations' debt.  The bankruptcy court granted

---

[1] Dkt.  94 at 4, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 80 at 4-5, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

[2] Dkt.  94 at 4-5, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 80 at 5-6, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

[3] Dkt.  94 at 5-6, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 80 at 6-7, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

[4] *Id*.

[5] Dkt. 6 ¶ 42, Pl.'s First Am. Compl., No. H-14-2165 (S.D. Tex. Aug. 15, 2014); Dkt. 5 ¶ 44, Pl.'s First Am. Compl., No. H-14-2166 (S.D. Tex. Aug. 15, 2014).

the motions, thereby authorizing the sales, in the summer of 2014.[6]  However, the

total amount borrowed from the Lenders was not covered by the revenue recovered

from the sales.[7]

Within weeks of the bankruptcy court ordering that the Vessels be sold,

Plaintiff initiated various lawsuits against multiple defendants in the Southern

District of Texas alleging that the bankruptcy court's orders regarding sale of the

Vessels essentially extinguished his rights with regard to certain patented technology

on the Vessels.  Two of Plaintiff's suits—Civil Actions H-14-2165 and H-14-2166—

named Wilmington Trust, which had succeeded Mega Bank as the Lenders' agent

and security trustee,[8] as a defendant.  Wilmington Trust, acting in its capacity as

agent for the Lenders, filed counterclaims against Plaintiff in both suits for

outstanding debt that the Whale Corporations owed to the Lenders in the amount of

$64,210,470.77, which Plaintiff had personally guaranteed.[9]

---

[6] Dkt. 13 at 35, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2165 (S.D. Tex. Oct. 7, 2014); Dkt. 10 at 39, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2166 (S.D. Tex. Oct. 7, 2014).

[7] *Id.*

[8] Dkt. 13 at 33, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2165 (S.D. Tex. Oct. 7, 2014); Dkt.  94 at 3, 5, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 10 at 37, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2166 (S.D. Tex. Oct. 7, 2014); Dkt. 80 at 4-6, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

[9] *See generally* Dkt. 13, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2165 (S.D. Tex. Oct. 7, 2014); Dkt. 10, Wilmington Trust's Ans., Aff. Defenses, & Counterclaims, No. H-14-2166 (S.D. Tex. Oct. 7, 2014); *see also* Dkt.  94 at 10, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 80 at 14, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

In April 2015, Wilmington Trust moved for summary judgment in both suits on its counterclaims against Plaintiff.[10]  Plaintiff filed objections to the respective motions on May 11, 2015.[11]  Nine days after Plaintiff's objections were filed, this Court ordered that the two suits in which Wilmington Trust's motions for summary judgment were pending be consolidated into the senior civil action H-14-2164 and that the subsumed cases would no longer have independent identities.[12]  Because the Court did not rule on Wilmington Trust's motions for summary judgment either before or after consolidating the cases, they remained pending under the newly consolidated action.

On December 7, 2018, the Court issued a Patent Opinion on Plaintiff's claims, holding that none of his alleged patent rights were infringed or diminished by the sale of the Vessels and, therefore, each of his claims regarding the Lenders' alleged patent infringement failed.[13]  In a related document entitled "Final Judgment" that was issued on the same day, the Court ordered that (1) Plaintiff take nothing from the buyer of the Vessels, OCM, and its affiliate, Oaktree Capital Management, L.P. ("Oaktree"), (2) Plaintiff pay Defendants' attorney fees, and (3) all pending motions

---

[10] *See generally* Dkt.  94, Wilmington Trust Mot. for Sum. J., No. H-14-2165 (S.D. Tex. April 20, 2015); Dkt. 80, Wilmington Trust Mot. for Sum. J., No. H-14-2166 (S.D. Tex. April 20, 2015).

[11] *See generally* Dkt.  102, Pl.'s Objections to Wilmington Trust's Mot. for Sum. J., No. H-14-2165 (S.D. Tex. May 11, 2015); Dkt.  88, Pl.'s Objections to Wilmington Trust's Mot. for Sum. J., No. H-14-2166 (S.D. Tex. May 11, 2015).

[12] Dkt.  32, Order to Consolidate Cases, No. H-14-2164 (S.D. Tex. May 20, 2015).

[13] Dkt.  83 at 2-3, Patent Opinion, No. H-14-2164 (S.D. Tex. Dec. 7, 2018).

were terminated.[14]  Notably, neither the Patent Opinion nor the Judgment mentioned Wilmington Trust's counterclaims against Plaintiff or its pending motions for summary judgment.[15]  Even if one assumes that the order terminated the pending motions for summary judgment on the counterclaims—which is not at all clear and may not have been the Court's intention—it plainly did not adjudicate those claims, which remain alive.  Two weeks later, Wilmington Trust, OCM, and Oaktree filed a joint motion for fees against Plaintiff,[16] which the Court granted.[17]

Plaintiff subsequently appealed the Court's Opinion on Patents and its Judgment, as well as the Court's order granting attorney's fees to Wilmington Trust, OCM, and Oaktree.[18]  Wilmington Trust was in the process of briefing motions to dismiss Plaintiff's appeals for lack of appellate jurisdiction due to the existence of the pending counterclaims.  But before those motions were filed, the Fifth Circuit dismissed both appeals in March 2019 for want of prosecution.[19]

---

[14] Dkt.  84, Final Judgment, No. H-14-2164 (S.D. Tex. Dec. 7, 2018).

[15] The Court's docket report entry summarizing the December 7, 2018 Judgment lists only OCM and Oaktree's five pending motions to dismiss and Defendant Bank Sinopac's pending motion for judgment on the pleadings as having been terminated by the Judgment.  *See* Ex. A.  It does not list Wilmington Trust's two pending motions for summary judgment as motions that were terminated by the Judgment.  *Id.*

[16] Dkt.  86, Mot. for Atty. Fees, No. H-14-2164 (S.D. Tex. Dec. 21, 2018).

[17] Dkt.  87, Order on Mot. for Atty. Fees, No. H-14-2164 (S.D. Tex. Dec. 31, 2018).

[18] Dkt.  88, Notice of Appeal, No. H-14-2164 (S.D. Tex. Jan. 30, 2019); Dkt.  92, Notice of Appeal, No. H-14-2164 (S.D. Tex. Feb. 13, 2019).

[19] Dkt.  97, Dismissal of Appeal, No. H-14-2164 (S.D. Tex. Mar. 4, 2019); Dkt.  99, Dismissal of Appeal, No. H-14-2164 (S.D. Tex. Mar. 19, 2019).

This Court should reopen the case because Wilmington Trust's counterclaims against Plaintiff remain pending.  Because no final judgment has been issued, the Court retains jurisdiction in this matter, and the case should be reopened so that Wilmington Trust's counterclaims against Plaintiff may be finally adjudicated.

## Argument

Neither the Court's Patent Order nor its Judgment of December 7, 2018, are final judgments because they did not adjudicate Wilmington Trust's counterclaims for the unpaid loan balances that are owed to the Lenders or expressly conclude that no just reason existed for delaying entry of final judgment on those counterclaims. "When an action presents more than one claim for relief," as this case does here, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties[.]"[20]  "A claim and a counterclaim constitute multiple claims under the express terms of Fed.R.Civ.P. 54(b), and a decision on only one of those claims does not constitute a final appealable order[.]"[21]

The Fifth Circuit has repeatedly held that when a court's order or judgment does not dispose of pending counterclaims against the plaintiff, the court's decision

---

[20] Fed. R. Civ. P. 54(b).

[21] *Belmont Place Assocs. v. Blyth, Eastman, Dillon & Co., Inc.*, 565 F.2d 1322, 1322–23 (5th Cir. 1978) (order dismissing plaintiff's claim was not final within the meaning of Rule 54(b) because a counterclaim against the plaintiff remained pending).

is not final and does not end the action.[22]  Here, neither the Court's Patent Order nor

its Judgment are final decisions within the meaning of Rule 54(b) because they do

not purport to dispose of Wilmington Trust's counterclaims against Plaintiff or in

fact adjudicate those counterclaims.  Although Rule 54(b) provides an exception to

the requirement that all claims be adjudicated if the district court expressly certifies

that no just reason exists for delaying the entry of final judgment as to some of the

claims, the Court did not expressly make such a determination regarding Wilmington

Trust's counterclaims.[23]

Thus, although the Court labeled its December 7 order relating to its Patent

Opinion a "Final Judgment," and the Court's docket report indicates that this action

---

[22] *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (summary judgment order was necessarily interlocutory and not final because the defendant's counterclaim remained pending); *Wease v. Ocwen Loan Serv., L.L.C.*, 672 F. App'x 450–51 (5th Cir. 2016) ("final judgment" that included no disposition for defendant's counterclaim was not a final judgment within the meaning of Rule 54(b)); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350–51 (5th Cir. 2004) (memorandum opinion and order was not a final judgment because it did not dispose of party's counterclaims, and it was not clear that the court intended for the order to do so); *Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 526 (5th Cir. 1986) (order granting third-party plaintiff's demand for indemnity was not a final judgment because third-party defendant's counterclaim was still pending); *Ronel Corp. v. Anchor Lock of Fla., Inc.*, 312 F.2d 207, 208 (5th Cir. 1963) (summary judgment order was not a final order because it neither purported to dispose of nor actually adjudicated defendants' counterclaims).

[23] *See Wease*, 672 F. App'x at 451 ("final judgment" relating to summary judgment order was not final within the meaning of Rule 54(b) because it neither adjudicated the defendant's counterclaims nor expressly styled itself as a partial final judgment pursuant to Rule 54(b)); *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 422 (5th Cir. 2005) (denial of plaintiff's motion for summary judgment on the defendant's counterclaim was not a final order under the Rule 54(b) certification exception because the court only certified its summary judgment determination as to the plaintiff's claim); *Belmont Place Assocs.*, 565 F.2d at 1322 (order dismissing the plaintiff's complaint was not a final order because it did not adjudicate the defendant's pending counterclaim, and there was "no express determination under Fed.R.Civ.P. 54(b) that 'there is no just reason for delay'").

was consequently terminated,[24] the order was not in fact a final judgment because Wilmington Trust's counterclaims against Plaintiff have never been adjudicated and are still pending.  Accordingly, this Court retains jurisdiction over the matter, and the case should be reopened in order that Wilmington Trust's counterclaims may be finally adjudicated.

## Conclusion

Based on the foregoing, Wilmington Trust respectfully requests that the Court reopen the instant case and grant Wilmington Trust any additional relief to which it may be entitled.

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ Alistair Dawson*
    Alistair Dawson
    State Bar No. 05596100
    Federal I.D. No. 12864
    adawson@beckredden.com
    Mary Kate Raffetto
    State Bar No. 24098296
    Federal I.D. No. 2994346
    mkraffetto@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2010
(713) 951-3700
(713) 951-3720 (Fax)

*Attorneys for Wilmington Trust,*
*National Association*

---

[24] *See* Ex. A.

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing pleading was served on the following counsel of record through the Court's electronic filing system on the 11th day of April 2019.

/s/ Alistair Dawson
Alistair Dawson
Counsel for Wilmington Trust,
National Association