IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSIN CHI SU, | § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVL ACTION NO. H-14-02164 |
| BANK SINOPAC, *et al.*, | § § § | |
| *Defendants*. | § | |

<u>DECLARATION OF NOBU SU</u>

I, Nobu Su, declare:

1. "I am over the age of eighteen and fully competent to make this Declaration and that the following true and correct facts are within my personal knowledge, unless otherwise noted, and are true and correct.

2. Hoover Slovacek LLP filed the above case on my behalf on or about July 28, 2014 to assert claims that shipping vessels were improperly sold without compensating me for my patent rights given my patented design was used in construction of the vessels. Robins Kaplan LLP ("Kaplan") was later substituted as my attorneys. In May 2015, this case was consolidated with other cases.

3. On or about December 7, 2018, the Court entered a final judgment disposing of this case, ruling that I take nothing by my claims. I appealed that final judgment and the court of appeals dismissed my appeal on March 4, 2019. I believe that the final judgment and dismissal of my appeal concluded this case.



PLAINTIFF'S EXHIBIT 1

4.	In March 2019, I was held in civil contempt by a court in England and imprisoned at HMP Pentonville. I was imprisoned at HMP Pentonville from March 29, 2019 to April 8, 2020. Due to my incarceration, I had no communications with Kaplan or any attorney who had represented me in the above case. My access or contact with the outside world were severely restricted. I was not informed or aware that the Court reopened the case on April 19, 2019. I was not informed or aware that the Court ordered a hearing on Wilmington Trust, National Association's ("Wilmington") counterclaim against me for breach of guarantees.

5.	In 2010, Mega Bank and other lenders provided a loan facility secured by M/V C Whale, D Whale, G Whale, and H Whale (the "Whale Loans"). I signed certain guarantees to personally guaranty the loans. I did not sign the guarantee dated March 9, 2011 under the G Whale Facility Agreement (the "G Whale Guarantee"). While my signature to page 14 of the C Whale Guarantee appears genuine, the signature page (pg. 14) of the C Whale Guarantee was swapped from another document. In comparing the signature page with the other pages of the document it is clear that the signature page was swapped from another document.

6.	I never entered into a guarantee agreement with Wilmington. Wilmington has not furnished proof that it has any interest or is a proper assignee of the Whale Loans or any guarantee signed by me. I have not seen any documents showing that Wilmington was properly assigned an interest in any guarantees signed by me. I do not believe that the Whale loans or my guarantees were properly assigned to Wilmington.

I have not seen a deed of assignment or a successor agent agreement related to the Whale loans.

7.  It is my understanding that no lawyer appeared or filed any papers on my behalf at the May 16, 2019 hearing on Wilmington's counterclaim. It is my understanding that the Court entered a final judgment against me on May 22, 2019 after no attorney appeared on my behalf. I was not aware of this judgment until well after it was entered. I have seen nothing to show how the amount awarded in the judgment was calculated.

8.  Due to my incarceration, I was not able to locate, communicate with, or retain counsel to set aside this judgment until I was released from HMP Pentonville on April 9, 2020. Upon my release from prison, I sought and retained counsel to set aside the judgment.

9.  On or about September 24, 2014, my home located on the 10th and 11th Floor, 101 Dong Hwa South Road, Taipei, Taiwan was sold by creditors for approximately $5 million. To my knowledge and belief, proceeds from the sale was applied to Whale loans. I have seen nothing to indicate that proceeds from the foreclosure of my home was properly credited to the Whale loans.

10.  I have reviewed the payment orders from the Taiwan Taipei District Court No. 9322, No. 9324, No. 9705 and No. 9672 submitted by Wilmington in this case. The payment orders are directed to Taiwan Maritime Transportation Co. Ltd. ("TMT"). I was named in the payment orders as a statutory representative of TMT. The payment

orders were not directed to me personally.  Wilmington has not sought or obtained a payment order from the Republic of China (Taiwan) against me.

JURAT

My name is Nobu Su.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I submit this declaration in pursuant to 28 U.S. Code § 1746.  Executed on this the 21st day of May, 2020.

_____
NOBU SU