United States Courts
Southern District of Texas
FILED
February 04, 2021
Nathan Ochsner, Clerk of Court

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 13, 2021
Lyle W. Cayce
Clerk

No. 20-20337

HSIN CHI SU,

*Plaintiff—Appellant,*

*versus*

WILMINGTON TRUST, NATIONAL ASSOCIATION,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2164, 4:14-CV-2165, 4:14-CV-2166

---

Before HAYNES, DUNCAN, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

Hsin Chi Su appeals the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, we AFFIRM.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20337

## I. Background

In 2010, four corporations allegedly owned and controlled by Su (the "Whale Corporations") obtained loans from a syndicate of lenders to finance the construction of several large maritime shipping vessels. In 2013, the Whale Corporations entered Chapter 11 bankruptcy proceedings. During those proceedings, the bankruptcy court authorized the sale of the vessels to OCM Formosa Strait Holdings, Ltd., which at that point held almost all of the Whale Corporations' debt.

In July 2014, Su sued several of the Whale Corporations' lenders, seeking a declaration that the vessels' sale did not alter patent rights he allegedly held that were incorporated into the vessels' design or, in the alternative, the monetary value of his alleged intellectual property. Wilmington Trust, National Association, as successor-in-interest to one of these lenders, counterclaimed, alleging that Su had personally guaranteed the loans but had failed to pay the outstanding balance left after the vessels' sale.

In 2015, Wilmington Trust filed two motions for summary judgment. Su opposed, through his then-outside counsel, Hoover Slovacek LLP. While Wilmington Trust's motions were pending, Su substituted Robins Kaplan LLP as his counsel.

On December 7, 2018, the district court ruled that Su was not entitled to declaratory or monetary relief and entered a "final judgment" that purported to terminate all of the outstanding motions. However, the district court did not specifically address Wilmington Trust's counterclaims. On January 30, 2019, Su appealed. On March 4, 2019, we dismissed Su's appeal for want of prosecution.

On April 11, 2019, Wilmington Trust petitioned the district court to reopen the case to adjudicate its counterclaims against Su. The district court granted this motion and scheduled a hearing for May 16, 2019. In its

scheduling order, the district court mandated that "whoever receives this notice must confirm that every other party knows of the setting," and that "[e]ach party must appear by an attorney with (a) full knowledge of the facts and (b) authority to bind the client."

Three days before the scheduled hearing, Robins Kaplan moved to withdraw as Su's counsel. At the hearing, Su did not appear, nor did any attorney appear on his behalf. The district court attempted to contact Robins Kaplan, but its phone call went straight to voicemail. After a brief argument by Wilmington Trust's counsel, the district court agreed that "there [was] no reason not to" grant summary judgment for Wilmington Trust. Thus, the district court entered judgment for Wilmington Trust in the amount of $60,459,959.33 for outstanding principal, $17,169,737.40 for pre-judgment interest, and post-judgment interest at the rate of 2.32%.

The district court also denied Robins Kaplan's motion to withdraw and ordered Su to show cause why he had not appeared at the hearing. Robins Kaplan responded, asserting that the firm had been unable to communicate with Su regarding the hearing and consequently believed that it did not have the authority to bind Su.

On May 21, 2020, Su moved to vacate the district court's judgment under Federal Rule of Civil Procedure 60(b). Su averred that, in March 2019, he was held in civil contempt by a court in the United Kingdom and was consequently incarcerated from March 29, 2019 until April 8, 2020. He maintained that, due to his incarceration, he did not learn of the reopening of his case, the May 2019 hearing, or the district court's grant of summary judgment for Wilmington Trust until after these events transpired. Further, he attested that he was unable to locate counsel to attempt to vacate the district court's judgment before his release from prison in April 2020.

No. 20-20337

Therefore, he argued, his failure to defend himself against Wilmington Trust's motions for summary judgment was excusable.

The district court denied Su's Rule 60(b) motion without explanation. Su timely appealed.

## II.   Discussion

The district court had jurisdiction over this case under 28 U.S.C. §§ 2201, 2202, 1338, and 1367. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). For the appellant to prevail under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted[;] denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* Although the district court did not explain why it denied Su's Rule 60(b) motion, we may affirm "upon any basis supported by the record." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

While Rule 60(b) permits a district court to relieve a party from final judgment for any one of six reasons, the only one of which Su asserts is provided by Rule 60(b)(6): "any other reason that justifies relief."[1] Because Rule 60(b)'s "six categories of relief are mutually exclusive from one another, . . . an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first

---

[1] Before the district court, Su also invoked Rule 60(b)(1). Because Su did not renew his argument under Rule 60(b)(1) on appeal, he has abandoned this argument and we will not consider it. *See Justiss Oil Co. v. Kerr-McGee Refin. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996) ("When an appellant fails to advance arguments in the body of its brief in support of an issue it has raised on appeal, we consider such issues abandoned.").

five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation marks and citation omitted).

To be successful, a Rule 60(b)(6) motion "must have been made within a reasonable time and must 'show extraordinary circumstances justifying the reopening of a final judgment.'" *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017) (internal quotation marks and citation omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). When evaluating "whether extraordinary circumstances are present, a court may consider a wide range of factors," including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal quotation marks and citation omitted).

In this case, we agree with Su that Robins Kaplan effectively abandoned him by failing to appear at the May 2019 hearing despite not having been permitted by the district court to withdraw. Nevertheless, Su is not entitled to relief for two reasons. First, an attorney's failure to appear at a hearing is covered by Rule 60(b)(1)'s "mistake, inadvertence, surprise, or excusable neglect" category of relief. *See In re Hous. Oil Tr. Sec. Litig. MDL-625*, No. 92-2498, 1993 WL 117764, at *2–3 (5th Cir. Mar. 22, 1993) (per curiam) (determining that relief under Rule 60(b)(1) was warranted where the plaintiff's counsel did not receive notice of the defendants' summary judgment motion and consequently did not respond); *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 764–67 (1st Cir. 2017) (concluding that relief under Rule 60(b)(1) was warranted where the plaintiff's counsel failed to appear at a hearing and the district court dismissed his claims for failure to prosecute). Because Rule 60(b)'s categories of relief are "mutually exclusive," Robins Kaplan's failure to appear on Su's behalf at that May 2019 hearing cannot serve as the basis for relief under Rule 60(b)(6). *Fernandez*, 797 F.3d at 319.

Second, even addressing the question of "extraordinary circumstances," we note that the situation here is one of ruling on existing briefing, not considering new evidence or conducting a trial. Prior counsel, Hoover Slovacek, had filed opposition briefs in response to these motions in 2015. After the case was reopened in April 2019, Wilmington Trust did not file any briefing to supplement its original motions, nor did it present any new evidence or arguments at the hearing. Because Wilmington Trust did not update its motions for summary judgment, Su's 2015 opposition briefs remained applicable in 2019. Therefore, Su had a defense in place when the district court adjudicated Wilmington Trust's summary judgment motions. Consequently, this case is unlike the case relied upon by Su: *Klapprott v. United States*, a case in which the Supreme Court held that relief under Rule 60(b)(6) was appropriate. 335 U.S. 601, 613–16 (1949). In *Klapprott*, the Government initiated denaturalization proceedings against the petitioner but imprisoned him on separate criminal charges before the expiration of the deadline for him to respond to the denaturalization complaint. *Id.* at 603. Because the petitioner lacked the funds to hire a lawyer, he did not appear in the denaturalization proceedings, and the court consequently entered a default judgment against him. *Id.* at 603, 608. Thus, the Supreme Court concluded that "a citizen was stripped of his citizenship by his Government . . . with no reasonable opportunity for him effectively to defend his right to citizenship," justifying relief under Rule 60(b)(6). *Id.* at 615.

Here, contrary to an entry of default judgment, at the May 2019 hearing, the district court indicated that it had considered the merits of Wilmington Trust's counterclaims and was granting judgment on the strength of its arguments, not because Su failed to appear at the hearing. Because Su was able to present his objections to the district court through the counsel of his choice and judgment was entered against him on the merits, the circumstances of this case are not so "extraordinary" as to justify the

No. 20-20337

reversal of the district court's denial of relief under Rule 60(b)(6) on abuse of discretion review.[2] *Cf. Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082–83 (5th Cir. 1984) (affirming the district court's denial of the plaintiff's Rule 60(b) motion, despite the plaintiff having been arguably "constructively abandoned" due to his counsel's incompetence, because the plaintiff voluntarily chose that counsel and the district court granted the defendants summary judgment on the merits).

Constrained by the limitations of Rule 60(b)(6) and the deferential standard of review, we must conclude that the district court did not abuse its discretion in denying Su's motion for relief from judgment, even if we would have ruled differently.

We AFFIRM.

---

[2] That said, we condone neither the conduct of Su's counsel in failing to appear nor the district court's failure to consider the lack of communication between counsel and Su. We simply conclude that the circumstances were not "extraordinary."